

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 904 | **DATE** | 5/30/2003 |
| **CASE TITLE** | Barbara Conner vs. Moss, Codilis etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Fieldstone moves for judgment on the pleadings and Bank One and Ocwen move to dismiss. The motions of Fieldstone and Bank One are denied and the motion of Ocwen is granted. Status hearing set for June 24, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | JUN 0 2 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 26 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | WAH | courtroom deputy's initials | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA CONNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 03 C 904 |
| | ) | |
| MOSS, CODILIS, STAWIARSKI MORRIS, | ) | |
| SCHNEIDER & PRIOR, LLP; OCWEN | ) | |
| FEDERAL BANK, FSB; FIELDSTONE | ) | |
| MORTGAGE COMPANY; BANK ONE N.A., | ) | |
| as trustee, as successor of THE FIRST | ) | DOCKETED |
| NATIONAL BANK OF CHICAGO, as | ) | |
| trustee, and DOES 1-5, | ) | JUN 0  2003 |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Barbara Connor brings this action against defendants Fieldstone Mortgage Company (Fieldstone), Ocwen Federal Bank, FSB (Ocwen) and Bank One, N.A. (Bank One), alleging violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, and related Federal Reserve Board Regulation Z (Regulation Z), 12 C.F.R. § 226. Fieldstone moves for judgment on the pleadings and Bank One and Ocwen move to dismiss. For the following reasons, the motions of Fieldstone and Bank One are denied and the motion of Ocwen is granted..

## BACKGROUND

Plaintiff obtained a mortgage loan from Fieldstone on June 22, 2001, and alleges that although the loan was secured by her home, it was not for purposes of initial acquisition or construction of the home. Plaintiff alleges that she was furnished with a blank "notice of

right-to-cancel," in violation of the TILA, a copy of which is attached to the complaint as Exhibit D. The notice states that the borrower has the right to cancel the transaction "without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last: (1) The date of the transaction, which is 6/22/2001; or (2) The date you received your Truth in Lending disclosures; or (3) The date you received this notice of your right to cancel." Below this language are instructions on how to cancel and a space where a date was to be inserted by which the borrower must send notice of cancellation. This space is blank.

Plaintiff seeks rescission or reduction of the loan, statutory damages and attorney's fees and expenses. In addition to Fieldstone, plaintiff also includes Bank One and Ocwen as defendants. Plaintiff alleges Bank One has indicated that it is the owner of the loan and that Ocwen is the servicing agent for the loan and "may claim an interest in the loan."

## DISCUSSION

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The standard of review for a motion made under Rule 12(c) is the same as a motion made under Rule 12(b)(6). *See* Lanigan v. Village of East Hazel Crest, 110 F.3d 467, 470 n.2 (7th Cir. 1997). Written instruments attached as exhibits to pleadings are considered a part of the pleadings. Thompson v. Illinois Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002). In addition, the rules oblige a plaintiff to provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47.

Congress drafted the TILA to provide consumers with "meaningful disclosure of credit terms." 15 USCS § 1601(a). To this end, the TILA and its regulation implemented by the Federal Reserve Board in Regulation Z provide consumers in credit transactions, where a security interest is given in their principal dwelling, the right to rescind within three business days "following consummation, delivery of the notice [of right to rescind disclosures], or delivery of all material disclosures, whichever occurs last." 12 C.F.R. § 226.23(a). If the notice of right to rescind or other material disclosures are not made, then the consumer shall have three years from the consummation date to rescind the transaction, unless the property in question has been sold. 12 C.F.R. § 226.23(a)(3). Among the required notice of right to rescind disclosures is "[t]he date the rescission period expires." 12 C.F.R. § 226.23(b)(1)(v).

Defendants argue plaintiff's complaint is inconsistent because it states plaintiff was given a "blank" right-to-rescind notice, while Exhibit D is filled in. Exhibit D is not blank, but it is not completely filed in. The space for entry of the date by which the consumer must send notice of rescission is blank. This is, arguably, insufficient to prevent an inconsistency between Exhibit D and plaintiff's complaint, but we see no reason to dismiss with leave to amend when the scope of the dispute is now well-established. With only one blank space on the right-to-rescind form, it is hard to imagine that defendants could be given a much narrower scope of inquiry. The sparse case law discussing whether a consumer must be given the precise date when the right to rescind ceases, does not support a finding that plaintiff's claim is entirely baseless, *see* Semar v. Platte Valley Fed. Sav. & Loan Ass'n., 791 F.2d 699, 701-704 (9th Cir. 1986); *see also* Williamson v. Lafferty, 698 F.2d 767, 768-69 (5th Cir. 1983) ("failure to fill in the expiration date of the rescission form is a violation of the TILA"), and we believe

defendants' efforts should be directed towards resolution of the legal issue presented..

Ocwen also asserts that it is the servicer of plaintiff's loan, but has no interest in the loan and thus cannot be subject to a TILA claim. A TILA claim may be maintained against a servicer of a loan if the servicer possesses or possessed an interest in the loan. *See* Fairbanks Capital Corp. v. Jenkins, 225 F. Supp. 2d 910, 913-914 (N.D. Ill. 2002). But plaintiff does not claim that Ocwen has such an interest, only that it "may" have an interest. Rule 11, Fed. R. Civ. P., does not provide for certifying possibilities. If plaintiff believes, after reasonable inquiry, that there is evidentiary support for the conclusion that Ocwen has an interest in the loan, she should so plead. If she does not now have a reasonable basis for so alleging, she should leave Ocwen out of the lawsuit until such time as discovery indicates such an interest.

## CONCLUSION

For the reasons stated, the motions of Fieldstone and Bank One are denied and the motion of Ocwen is granted..

                                                           JAMES B. MORAN
                                                           Senior Judge, U. S. District Court

May 30, 2003.